<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| PETER GAKUBA,<br><br>    *Petitioner*,<br><br>  v.<br><br>MATTHEW PLATKIN, et al.<br><br>    *Respondents.* | Civil Action No. 25-17653<br><br>**OPINION**<br><br>July 6, 2026 |

**SEMPER,** District Judge.

  **THIS MATTER** comes before the Court upon Petitioner Peter Gakuba's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner, proceeding *pro se*, challenges his 2015 Illinois state-court conviction. (ECF No. 1, "Petition" or "Pet.") The filing fee has been paid. (ECF No. 11.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has screened the Petition and concludes that it must be **DISMISSED** as it constitutes an unauthorized second or successive habeas petition over which this Court lacks jurisdiction.

  **I.**  **BACKGROUND**

  Petitioner challenges a judgment of conviction entered by the Circuit Court of Winnebago County, Illinois, following a jury trial at which he was convicted of aggravated criminal sexual abuse. (Pet. at 1.) According to the Petition, the Illinois Appellate Court affirmed Petitioner's conviction on direct appeal, the Illinois Supreme Court denied discretionary review, and Petitioner's subsequent state post-conviction proceedings were unsuccessful. (*Id.* at 2-11.)

Petitioner acknowledges that he previously sought federal habeas relief challenging the same Illinois judgment in the United States District Court for the Northern District of Illinois and thereafter pursued Rule 60(b) proceedings, appeals, and petitions for *certiorari*. (*Id.*)

The docket reflects that this action was administratively terminated after Petitioner failed either to pay the filing fee or submit a complete application to proceed *in forma pauperis*. (ECF No. 10.) After Petitioner paid the filing fee and moved to reopen the matter, the Court reopened the action. (ECF Nos. 11-14.) Petitioner subsequently filed two motions requesting expedited review of the Petition. (ECF Nos. 15, 16.)

## II.     LEGAL STANDARD

Rule 4 of the Rules Governing Section 2254 Cases requires district courts to conduct a preliminary review of every habeas petition. If "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the court must dismiss the petition without requiring a response from the respondent. Rule 4, Rules Governing § 2254 Cases; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) (recognizing that Rule 4 authorizes district courts to summarily dismiss facially meritless habeas petitions before ordering an answer).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") likewise limits a petitioner's ability to repeatedly challenge the same state-court judgment. Before filing a second or successive habeas petition in the district court, the petitioner must first obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A).

The Supreme Court has held that this authorization requirement is jurisdictional. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007) (*per curiam*) (holding that where a petitioner filed a second or successive habeas petition without obtaining authorization from the court of appeals, the district court lacked jurisdiction to entertain the petition). The Third Circuit has likewise recognized that an unauthorized successive petition must either be dismissed or transferred

2

because the district court lacks jurisdiction to consider it. *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002) (holding that § 2244(b) deprives district courts of jurisdiction over unauthorized second or successive petitions).

### III.    ANALYSIS

The Court concludes that the present Petition is an unauthorized second or successive petition.

As an initial matter, the Court may take judicial notice of Petitioner's prior federal habeas proceedings. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (holding that courts may take judicial notice of public records and prior judicial proceedings); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (same).

Those public records establish that Petitioner's original § 2254 petition challenging this same Illinois conviction was denied on the merits by the United States District Court for the Northern District of Illinois. *Gakuba v. Brannon*, No. 17-0337, 2017 WL 11473882 (N.D. Ill. Nov. 20, 2017) (dismissing Grounds V through VII); *Gakuba v. Brannon*, No. 17-50337, 2018 WL 10127255 (N.D. Ill. Oct. 24, 2018) (denying Grounds I through IV on the merits). The Seventh Circuit thereafter denied a certificate of appealability. *Gakuba v. Neese*, No. 18-3398, 2019 WL 12536617 (7th Cir. June 24, 2019) (concluding that Petitioner failed to make a substantial showing of the denial of a constitutional right). The Supreme Court denied *certiorari*. *Gakuba v. Neese*, 140 S. Ct. 831 (2020).

Rather than seeking authorization to file another habeas petition, Petitioner embarked upon a pattern of filing repetitive § 2254 petitions in numerous federal district courts throughout the country. Public records reflect that courts in New York, Maryland, California, New Hampshire,

3

the District of Columbia, Pennsylvania, and elsewhere dismissed those petitions as unauthorized successive applications because Petitioner had not obtained authorization under § 2244(b).[1]

Most significantly, Petitioner sought authorization from the Seventh Circuit to file a successive petition. The Seventh Circuit denied that request because Petitioner's proposed petition largely repeated claims previously rejected and imposed a $500 sanction for repetitive litigation. *Gakuba v. Jeffreys*, No. 22-3039, 2022 WL 18863593, at *1 (7th Cir. Nov. 21, 2022) (denying authorization under § 2244(b) and imposing sanctions for repetitive filings). The Supreme Court denied *certiorari*. *Gakuba v. Jeffreys*, 143 S. Ct. 848 (2023).

Likewise, after Petitioner repeatedly attempted to relitigate the same conviction through frivolous filings, the Supreme Court directed its Clerk not to accept further petitions from

---

[1] The Court takes judicial notice that, in addition to Petitioner's original federal habeas action in the Northern District of Illinois, *see Gakuba*, 2018 WL 10127255, Petitioner has filed substantially similar § 2254 petitions in numerous federal district courts, including the United States District Court for the Eastern District of Pennsylvania, *Gakuba v. Att'y Gen. of Pa.*, No. 25-6237 (E.D. Pa. Nov. 12, 2025) (dismissing petition without prejudice as an unauthorized successive petition and warning that future filings concerning Petitioner's 2015 Illinois convictions may result in sanctions), the United States District Court for the District of Delaware, *Gakuba v. Jennings*, No. 25-01417 (D. Del. Dec. 31, 2025), ECF No. 8 (order dismissing petition for lack of subject matter jurisdiction and denying a certificate of appealability), the United States District Court for the District of Maryland, *Gakuba v. Md. Att'y Gen.'s Off.*, No. 25-415, 2025 WL 2940726 (D. Md. Sept. 24, 2025), appeal dismissed sub nom, *Gakuba v. Brown*, No. 25-6812, 2025 WL 3720742 (4th Cir. Dec. 23, 2025) (summarily dismissing petition under Rule 4 as an unauthorized successive petition, denying all pending motions as moot, denying a certificate of appealability, and warning that future successive petitions would result in sanctions), the United States District Court for the Western District of Pennsylvania, *Gakuba v. Att'y Gen. of Pa.*, No. 26-495, 2026 WL 1107012 (W.D. Pa. Apr. 9, 2026), report and recommendation adopted, No. 26-495, 2026 WL 1106145 (W.D. Pa. Apr. 23, 2026) (dismissing petition for lack of jurisdiction, denying a certificate of appealability, and warning that additional litigation concerning the 2015 Illinois convictions could result in sanctions), and the United States District Court for the Middle District of Pennsylvania, *Gakuba v. Sunday,* No. 26-719, 2026 WL 1082488 (M.D. Pa. Apr. 21, 2026) (transferring petition challenging the same Illinois conviction because venue was improper), among others.

Petitioner in noncriminal matters unless accompanied by the required filing fee because Petitioner had "repeatedly abused this Court's process." *Gakuba v. Dodd*, 143 S. Ct. 629 (2023).

The Petition presently before this Court again attacks the same 2015 Illinois judgment that was the subject of Petitioner's original federal habeas petition. (Pet. at 3-15.) Although Petitioner advances various theories concerning the validity of the indictment, alleged violations of the Video Privacy Protection Act, purported false grand jury testimony, judicial bias, and structural constitutional error, each theory ultimately seeks to invalidate the same state-court judgment. (*See generally*, ECF No. 1-5.)

Because Petitioner's original § 2254 petition was adjudicated on the merits, the present Petition constitutes a second or successive petition within the meaning of AEDPA. *Magwood v. Patterson*, 561 U.S. 320, 331-39 (2010) (explaining that whether a petition is "second or successive" turns on the judgment being challenged); *Burton*, 549 U.S. at 153 (holding that a petition challenging the same judgment after a prior merits adjudication is successive).

Nothing in the Petition suggests that Petitioner obtained authorization from the Seventh Circuit before commencing this action. To the contrary, Petitioner's own allegations acknowledge his prior federal habeas proceedings while omitting any assertion that the Seventh Circuit authorized another petition. (Pet. at 6-11.)

Accordingly, because Petitioner has not obtained authorization from the Seventh Circuit as required by § 2244(b)(3)(A), this Court lacks jurisdiction to consider the Petition. *Burton*, 549 U.S. at 152-53; *Robinson*, 313 F.3d at 139-40. Summary dismissal under Rule 4 is therefore appropriate.

Because the Court lacks jurisdiction over the Petition, Petitioner's pending Motions requesting expedited review (ECF Nos. 15 and 16) are **DENIED** as moot.

## IV.     CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a petition is dismissed on procedural grounds, the petitioner must demonstrate that reasonable jurists would debate both the correctness of the procedural ruling and whether the petition states a valid constitutional claim. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (establishing the standard governing certificates of appealability following procedural dismissals).

Because binding Supreme Court precedent makes clear that this Court lacks jurisdiction over Petitioner's unauthorized successive petition, reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, no certificate of appealability shall issue.

## V.     CONCLUSION

For the foregoing reasons, the Petition is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction as an unauthorized second or successive petition pursuant to 28 U.S.C. § 2244(b). Petitioner's Motions to Expedite (ECF Nos. 15 and 16) are **DENIED AS MOOT**. An accompanying Order follows.

*/s/ Jamel K. Semper*

**Hon. Jamel K. Semper**
**United States District Judge**

Dated: July 6, 2026

6